[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13290
Non-Argument Calendar
_____

D.C. Docket No. 7:16-cr-00040-HL-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH JADON BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(May 21, 2018)

Before MARCUS, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Kenneth Brown appeals his 36-month sentence, imposed above his advisory guideline range, following his conviction for distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).  He contends that the district court erred by imposing an upward departure without providing him with the required notice of its intent to depart, and that his sentence was procedurally and substantively unreasonable.

We will address each point in turn.

## I. Departure or Variance

We review questions of law as to the Guidelines *de novo*.  *United States v. Kapordelis*, 569 F.3d 1291, 1314 (11th Cir. 2009).  However, where a defendant raises a sentencing argument for the first time on appeal, we review only for plain error.  *United States v. Prouty*, 303 F.3d 1249, 1251-52 (11th Cir. 2002).  To establish plain error, a defendant must show (1) an error, (2) that is plain, and (3) that affects the defendant's substantial rights.  *Id.* If these three conditions are satisfied, the court has discretion to recognize the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  "An error is plain if it is obvious and clear under current law."  *United States v. Eckhardt*, 466 F.3d 938, 948 (11th Cir. 2006)

Rule 32(h) of the Federal Rules of Criminal Procedure, which applies to "Sentencing and Judgment," provides that "[b]efore the court may depart from the

2

applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure." Fed. R. Crim. P. 32(h). The Supreme Court has held that the notice requirement of Rule 32(h) applies only to departures, and does not apply to variances. *Irizarry v. United States*, 553 U.S. 708, 714-16 (2008).

The Supreme Court has described "departure" as "a term of art under the Guidelines" and stated that it "refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines." *Id.* at 714. To determine whether the district court applied a departure under the Guidelines or a variance under the § 3553(a) factors, we consider "whether the district court cited to a specific guideline departure provision and if the court's rationale was based on its determination that the Guidelines were inadequate." *Kapordelis*, 569 F.3d at 1316. In *Kapordelis*, we held that the district court imposed a variance because (1) it did not cite to a specific guideline departure provision and (2) its rationale was based on the § 3553(a) factors and a finding that the Guidelines were inadequate. *Id.*

Here, the district court imposed a variance, not a departure, because it did not cite to any specific departure provision and concluded that the Guideline range was inadequate, explaining that the "Court determines that a sentence within the advisory sentencing range is inappropriate in this case, and, therefore, the Court

will impose a sentence outside the advisory guideline range." The court discussed Brown's criminal history in the context of the need to promote respect for the law, to deter future criminal conduct, and other § 3553(a) factors. Thus, the court was not required to provide notice before imposing a sentence that exceeded Brown's guideline range.

## II. Procedural and Substantive Reasonableness

An appellate court reviews the reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007). The court first ensures that the district court made no significant procedural error, then examines whether the sentence was substantively reasonable in light of the totality of the circumstances. *Id*. at 51. However, we review objections to procedural unreasonableness of a sentence for plain error when the objection was not raised at sentencing. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).

A sentence is procedurally unreasonable if the district court erred in calculating the guideline range, treated the Sentencing Guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to adequately explain the sentence, including any deviation from the guideline range. *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010). The district court sufficiently addresses the § 3553(a)

4

factors when it acknowledges that it has considered the factors and the defendant's arguments. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). When imposing a sentence, the court need not "articulate [its] findings and reasoning with great detail." *United States v. Irey*, 612 F.3d 1160, 1195 (11th Cir. 2010) (*en banc*). A challenge to the sufficiency of the district court's explanations is a "classic procedural issue, not a substantive one." *Id*. at 1194.

In analyzing the substantive reasonableness of a sentence, we review "the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." *Gonzalez*, 550 F.3d at 1324. The district court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2). 18 U.S.C. § 3553(a). The § 3553(a) factors include: (i) the nature and circumstances of the offense and history and characteristics of the defendant; (ii) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, protect the public, and provide the defendant with training, medical care, or correctional treatment; and (iii) the Sentencing Guidelines range for the offense. *Id.* § 3553(a)(1)-(2), (4). The district court must evaluate all of the § 3553(a) factors, but it may attach great weight to one factor over the others. *United States v. Dougherty*, 754 F.3d 1353, 1361 (11th

Cir. 2014).  A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence.  *See Gonzalez*, 550 F.3d at 1324.

"Impermissible double counting occurs when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *United States v. Dudley*, 463 F.3d 1221, 1226-27 (11th Cir. 2006) (quotation omitted).  Distinct from the guidelines, the § 3553(a) factors are mandatory statutory considerations the court is to contemplate in ensuring that "a sentence [is] sufficient, but not greater than necessary, to comply with the purposes" of sentencing.  *See* 18 U.S.C. § 3553(a).  While some of the factors are reflected in the guidelines, they are still distinct from the guidelines, and may be used to tailor the sentence.  *See* 18 U.S.C. § 3553(a) (2); *United States v. Booker*, 543 U.S. 220, 245 (2005).

Brown's sentence was procedurally reasonable.  As noted, *supra*, the court was not required to provide notice of its intent to sentence him above his guideline range, because it did not impose a departure.  Moreover, the court acknowledged the § 3553(a) factors, stated that it had made an individualized assessment based on the facts of Brown's case, and discussed a number of the factors with regard to Brown's prior drug convictions.

Brown's sentence was also substantively reasonable. The court considered the § 3553(a) factors and was entitled to attach great weight to the factors that it deemed appropriate. The court did not impermissibly double count by considering his history as it applied to the § 3553(a) factors. Finally, his 36-month sentence was significantly lower than the statutory maximum term of 20 years' imprisonment, providing further evidence that the sentence was reasonable.

Accordingly, we affirm Brown's 36-month sentence.

**AFFIRMED.**